```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VANESSA CHAVEZ, AMY BERLAK,    )
BROOKE GRAHAM, and MELISSA     )
VARNER, on behalf of           )
themselves and all others      )
similarly situated,            )
                               )
               Plaintiffs,     )
                               )
     v.                        )    1:16cv1019
                               )
T&B MANAGEMENT, LLC, and T&B   )
CONCEPTS OF HICKORY, LLC, each )
d/b/a HICKORY TAVERN,          )
                               )
               Defendants.     )
```

## ORDER

This is a putative collective action by current and former servers and bartenders of Defendants T&B Management, LLC, and T&B Concepts of Hickory, LLC, each d/b/a Hickory Tavern (also collectively, "Hickory Tavern") who operate various restaurants. Plaintiffs allege that Defendants have violated the tip-credit provisions of the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. §§ 201 et seq., by requiring these employees to spend a substantial amount of their workweek engaged in pre- and post-shift non-tippable activities. Before the court is Defendants' motion to dismiss the second amended complaint. (Doc. 51.)

A motion under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of a complaint" and does not "resolve contests surrounding the facts, the merits of a claim, or the applicability

of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the plaintiff's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To be facially plausible, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). While "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor," this "does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citing McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 327 (4th Cir. 1996)). Mere legal conclusions are not accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is

entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007). While "[s]pecific facts are not necessary," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Twombly, 550 U.S. at 555) (alteration in original); see also Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998) ("Even under the liberal standards of the Federal Rules of Civil Procedure, . . . a plaintiff 'must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery.'" (quoting Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir. 1990))).

The court granted Defendants' motion to dismiss the first amended complaint via a memorandum opinion and order dated May 24, 2017. (Doc. 48.) In substance, the court held that Plaintiffs' complaint could not be sustained solely on its claim that the tipped servers and bartenders were tasked with performing non-tippable duties more than twenty percent of their time of employment. The court stated that Plaintiffs' complaint lumped all non-tippable work together with tippable work such that it was impossible for the court to determine whether Plaintiffs set forth sufficient facts to allege that a "dual occupation" claim on the grounds they were performing the work of a different, non-tippable occupation during pre-shift and post-shift work pursuant to

3

§ 531.56(e) and the Department of Labor's guidance regarding it. Thus, the court granted Plaintiffs leave to file a second amended complaint to articulate the dual occupation claim they say they intended to pursue that is supported by the FLSA, its regulations, and the DOL guidance. (Id. at 28-30.)

The court has reviewed the allegations of the second amended complaint. Taken in the light most favorable to Plaintiffs, they allege that Hickory Tavern required its tipped servers and bartender employees to perform general preparation, maintenance, cleaning, food preparatory work, stocking, washing dishes, rolling silverware, and other non-tip-generating duties and tasks (which Plaintiffs call "sidework") during discrete times before and after their work shifts serving customers. (Doc. 49 ¶¶ 23-67.) Plaintiffs allege that these duties take a "substantial amount of time to complete and are not related to the service of customers" and were compensated at only $2.13 an hour. (Id. ¶ 2-3.) Such duties were alleged to typically take one hour at the beginning of a lunch shift, 30 minutes at the end of the lunch shift, 15 minutes at the beginning of a dinner shift, and one to one and one-half hours at the end of a dinner shift. (Id. ¶ 46-49.) Plaintiffs allege that such duties constituted "well over thirty percent (30%) of their workweek. (Id. ¶ 51.)

Defendants argue two main points. First, they contend that any non-tippable work that was nevertheless "related" to the

4

employees' jobs cannot be considered another occupation for purposes of the dual occupation regulations. (Doc. 52 at 5–17.) Second, Defendants contend that as long as the employees nevertheless earn more than minimum wage for a 40-hour workweek, they have no claim under the FLSA. (Id. at 17–20.)

The court has previously engaged in an extensive examination of the FLSA, its regulations, and DOL's interpretative guidance, and it will not repeat that here. (See Doc. 48.) As noted by the court, those authorities (including in particular DOL's 1985 opinion letter (Doc. 29-2)) provide support for the proposition that employers may be liable for paying minimum wage to dual occupation employees "whose duties are . . . non-tippable, related to the tippable occupation, and take place before or after tippable duties for 'a substantial amount of time.'" (Doc. 48 at 23.) The extent of qualifying activities and their duration are questions of fact, ill-suited to dismissal at this pleading stage. Here, Defendants rely principally on classifications of job duties from the Occupational Information Network ("O*NET"),[1] which is extrinsic evidence, outside the pleadings. (Doc. 52 at 10–15.) In light of the above, the court concludes that, at this preliminary stage, it

---

[1] The O*NET is a database of occupational definitions developed under the sponsorship of the U.S. Department of Labor/Employment and Training Administration through a grant by the North Carolina Department of Commerce. See www.onetcenter.org/overview.html (last visited Dec. 18, 2017). It was cited by DOL in its 2009 opinion letter (Doc. 29-4) which, as it and this court noted, was subsequently withdrawn. (See id. at 3; Doc. 48 at 12.)

5

cannot say that the allegations of the second amended complaint fail to state a plausible claim.

Defendants argue, secondly, that Plaintiffs fail to state a cognizable claim because no Plaintiff alleges he or she was paid less than minimum wage over the course of a 40-hour workweek. As Plaintiffs note, this argument was not raised as to the previous complaint, and the court observed as much. (Doc. 48 at 14 n.8.) Apparently taking a cue from that footnote, Hickory Tavern now argues that Plaintiffs have failed to state a minimum wage claim because they fail to allege that they were paid less than minimum wage for any workweek.

Of course, to adopt Defendants' argument on this issue would read the DOL's dual occupation rule out of the regulations. This argument is not sufficiently advanced in these briefs to permit the court to resolve it on such thin consideration. For example, Defendants do not address recent authority as to this argument. See Romero v. Top-Tier Colorado LLC, 849 F.3d 1281, 1286 (10th Cir. 2017) (rejecting the "defendants' argument–and the district court's conclusion–that 'if [a] tipped employee makes enough [in tips] to meet the minimum wage,' then the employer has necessarily complied with [29 U.S.C.] § 206(a)"); McLamb v. High 5 Hosp., 197 F. Supp. 3d 656, 661 (D. Del. 2016) (rejecting workweek argument

6

in a dual jobs claim);[2] Osman v. Grube, Inc., No. 16-CV-802, 2017 WL 2908864, at *2 (N.D. Ohio July 7, 2017) (noting that "[plaintiff's] failure to state that she made less than minimum wage on any particular workweek alone is not grounds for dismissal"); Harrison v. Rockne's Inc., No. 5:17-CV-00477, 2017 WL 3575764, at *6 (N.D. Ohio Aug. 2, 2017) (articulating that "[t]o state a claim for violation of the FLSA, plaintiffs were not required to allege that their weekly wage fell below minimum wage"). Defendants fail to address the possibility that if Plaintiffs succeed on the dual jobs claim, they would need to be paid full minimum wage for each hour spent working as a non-tipped employee regardless of their total pay for the week. See 29 U.S.C. §§ 203(m), 206(a)(1)(C); 29 C.F.R. § 531.56(e).

Because the workweek argument has not been adequately developed, the court will defer any consideration of it. See Federal Rule of Civil Procedure 12(i).

For the reasons stated, therefore,

IT IS ORDERED that the motion to dismiss the second amended complaint (Doc. 51) is DENIED. Plaintiffs will be permitted to demonstrate whether or not they can present facts sufficient to prove their dual job claim.

---

[2] Hickory Tavern mentions McLamb only in regard to its contention that a dual occupation claim requires a plaintiff to perform tasks unrelated to his tipped employment. (Doc. 54 at 8.)

7

/s/   Thomas D. Schroeder
                                                          United States District Judge

December 21, 2017